1   JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
2
BRIAN J. STRETCH (CABN 163973)
3   Chief, Criminal Division

4   DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney
5
    1301 Clay Street, Suite 340S
6   Oakland, California 94612
    Telephone: (510) 637-3680
7   Facsimile: (510) 637-3724
    E-Mail: deborah.r.douglas@usdoj.gov
8
Attorneys for Plaintiff
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12

13   UNITED STATES OF AMERICA,          )   No. 4-05-70138 WDB
                                        )
14          Plaintiff,                  )   STIPULATION AND ORDER FOR
                                        )   CONTINUANCE, EXTENSION OF TIME
     v.                                 )   TO CONDUCT PRELIMINARY
15                                      )   HEARING UPON DEFENDANT'S
     ARTUR ROBER ROGOWICZ,              )   CONSENT UNDER RULE 5.1(d), AND
16                                      )   EXCLUSION OF TIME UNDER THE
            Defendant.                  )   SPEEDY TRIAL ACT, 18 U.S.C. § 3161
17   _____)   ET SEQ.

18

19          Plaintiff United States of America, by and through its counsel of record Assistant United

20   States Attorney Deborah R. Douglas, and defendant Artur Rober Rogowicz ("defendant"), by and

21   through his counsel of record Alan A. Dressler, Esq., hereby stipulate as follows:

22          1.   On February 25, 2005, an arrest warrant was issued based upon a criminal complaint

23   charging defendant with knowingly distributing MDMA (ecstasy), in violation of 21 U.S.C.

24   § 841(a)(1).   On March 5, 2009, defendant was initially presented on the criminal complaint, and

25   time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., was excluded from March 5, 2009

26   through March 10, 2009.   On March 10, 2009, the parties agreed that defendant should be released

27   on a $150,000 bond signed by a surety.   Defendant waived the timing of the preliminary hearing

28   and agreed to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., from

STIPULATION AND ORDER

1    March 10, 2009 through April 21, 2009.  With defendant's consent and upon a showing of good

2    cause, this Court extended the time limit for a preliminary hearing under Rule 5.1(d) and excluded

3    time under the Speedy Trial Act from March 10, 2009 through April 21, 2009.

4            2.      By order dated April 20, 2009, this Court approved the parties' stipulation to

5    continue this matter to May 26, 2009, and excluded time from April 21, 2009 through May 26,

6    2009 under the Speedy Trial Act.  The timing of a preliminary hearing or arraignment on an

7    information or indictment was also waived.

8            3.      The parties stipulate and request that this matter be continued for one week from

9    Tuesday, May 26, 2009, to Tuesday, June 2, 2009, at 10 a.m.   Defendant's attorney, Alan A.

10   Dressler, is not currently available  to appear in magistrate court on May 26, 2009.   In addition,

11   the requested one-week continuance will allow the parties to further explore the factual and legal

12   issues in this case and any interest of justice factors that may be considered in resolving this matter

13   without the necessity of a preliminary hearing or indictment.  The parties believe that the granting

14   of additional time as requested will expedite the resolution of this matter, conserve judicial

15   resources, and benefit both the defendant and the government in reaching a fair and appropriate

16   disposition of this case.

17           4.      For the foregoing reasons, the parties stipulate and agree that good cause exists to

18   extend the time limit for conducting a preliminary hearing or arraignment on an indictment or

19   information from May 26, 2009 to June 2, 2009 under Rule 5.1(d) of the Rules of Criminal

20   Procedure.  The  parties therefore stipulate and agree that the time from May 26, 2009 through

21   June 2, 2009 should be excluded in computing the time within which an information or indictment

22   must be filed pursuant to 18 U.S.C. §§ 3161(b) and (h).  The parties further agree that the ends of

23   justice served by the continuance requested outweigh the best interests of the public and the

24   defendant in a speedy trial because the failure to grant such a continuance would unreasonably deny

25   the defendant continuity of counsel and adequate time to prepare, taking into account the exercise

26   of

27

28

STIPULATION AND ORDER

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

due diligence, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).   The parties

therefore stipulate and agree that the time from May 26, 2009 through June 2, 2009 should be

excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).


Dated: May 22, 2009                              _____
                                                         /s/
                                                 DEBORAH R. DOUGLAS
                                                 Assistant United States Attorney


Dated: May 22, 2009                              _____
                                                         /s/
                                                 ALAN A. DRESSLER, Esq.
                                                 Attorney for Defendant

STIPULATION AND ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ORDER</u>

With the defendant's consent and upon a showing of GOOD CAUSE as set forth in the stipulation of the parties above in *United States v. Artur Rober Rogowicz*, CR05-70138 WDB, taking into account the public interest in the prompt disposition of this matter, the Court hereby extends the time limit for conducting a preliminary hearing from May 26, 2009 to June 2, 2009 at 10 a.m., pursuant to Rule 5.1(d) of the Rules of Criminal Procedure.  This Court further finds that the ends of justice served by granting of the requested continuance to June 2, 2009 outweigh the best interests of the public and the defendant in a speedy trial, and that the failure to grant the requested continuance would deny defendant continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

Based on these findings, IT IS HEREBY ORDERED THAT this matter, currently scheduled for May 26, 2009, shall be continued to June 2, 2009 at 10 a.m. for a preliminary hearing or arraignment on an information or indictment, and that the time from May 26, 2009 through June 2, 2009 shall be excluded in computing the time within which an information or an indictment must be filed pursuant to 18 U.S.C. §§ 3161(b) and (h).  IT IS FURTHER ORDERED that the time from May 26, 2009 through June 2, 2009 shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

Dated:   May 22, 2009

HONORABLE WAYNE D. BRAZIL
United States Magistrate Judge

STIPULATION AND ORDER